## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re:  Barney Allen Squiers | Case No.  11-31098-DOT |
| | Chapter 7 |
| **Debtor.** | |
| THOMAS M. TODD, | |
| Plaintiff, | |
| v. | Adv. Case No. 11-03231-DOT |
| BARNEY ALLEN SQUIERS, | |
| Defendant. | |

### RESPONSE TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW the Debtor/Defendant, Barney Allen Squiers, by counsel, and states as follows for his Response to Plaintiff's Complaint to Determine Dischargeability of Debt:

1. The Debtor admits the allegations contained in Paragraph One of the Complaint.

2. The Debtor admits the allegations contained in Paragraph Two of the Complaint.

3. The Debtor admits the allegations contained in Paragraph Three of the Complaint.

4. The Debtor admits the allegations contained in Paragraph Four of the Complaint.

5. The Debtor admits the allegations contained in Paragraph Five of the Complaint.

6. The Debtor admits the allegations contained in Paragraph Six of the Complaint.

Robert A. Canfield, #16901
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, VA 23230
☎ (804)673-6600
🖷 (804)673-6604
*Counsel for Debtor/Defendant, Barney Allen Squiers*

7.  The Debtor denies the allegations contained in Paragraph Seven of the Complaint. The Debtor has never advertised himself as being in the business of restoring old automobiles. The Debtor does admit, however, that Performance Auto Crafters, Inc. is in the business of restoring old automobiles.

8.  The Debtor admits the allegations contained in Paragraph Eight of the Complaint.

9.  The Debtor denies the allegations contained in Paragraph Nine of the Complaint. The Debtor will admit, however, that he did have conversations with the Plaintiff about the restoration of the Plaintiff's vehicle, but that any participation in such conversations was on behalf of Performance Auto Crafters, Inc.

10.  The Debtor denies the allegations contained in Paragraph Ten of the Complaint. The Debtor, however, would admit that Performance Auto Crafters, Inc. did in fact provide the estimate contained in Exhibit A.

11.  The Debtor denies the allegations contained in Paragraph Eleven of the Complaint.

12.  The Debtor denies the allegations contained in Paragraph Twelve of the Complaint.

13.  The Debtor denies the allegations contained in Paragraph Thirteen of the Complaint, as Exhibit B shows on its face that the letter was written to Performance Auto Crafters, Inc. and not to the Debtor personally.

14.  The Debtor admits the allegations contained in Paragraph Fourteen of the Complaint.

15.  The Debtor denies the allegations contained in Paragraph Fifteen of the Complaint.

16.  The Debtor denies the allegations contained in Paragraph Sixteen of the Complaint.

17.  The Debtor admits the allegations contained in Paragraph Seventeen of the Complaint.

18.  The Debtor denies the allegations contained in Paragraph Eighteen of the Complaint.

19.  The Debtor admits the allegations contained in Paragraph Nineteen of the Complaint, insofar as Todd made many visits. However, the remaining factual allegations are denied.

20. The Debtor denies the allegations contained in Paragraph Twenty of the Complaint.

21. The Debtor denies the allegations contained in Paragraph Twenty-One of the Complaint.

22. The Debtor denies the allegations contained in Paragraph Twenty-Two of the Complaint.

23. The Debtor admits the allegations contained in Paragraph Twenty-Three of the Complaint.

24. The Debtor admits the allegations contained in Paragraph Twenty-Four of the Complaint to the extent that Todd took possession of the vehicle. The balance of all the factual allegations is denied.

25. The allegations contained in Paragraph Twenty-Five are unknown and, therefore, denied.

26. The Debtor denies the allegations contained in Paragraph Twenty-Six of the Complaint.

27. The Debtor denies the allegations contained in Paragraph Twenty-Seven of the Complaint.

28. The Debtor denies the allegations contained in Paragraph Twenty-Eight of the Complaint.

29. The Debtor denies the allegations contained in Paragraph Twenty-Nine of the Complaint.

30. The Debtor denies the allegations contained in Paragraph Thirty of the Complaint.

**AFFIRMATIVE DEFENSES**

31. The Debtor would further state that this Complaint filed by the Plaintiff is barred pursuant to Rule 4004 and Plaintiff has made no allegations in his pleading that would allow the Complaint, which was filed months after the "bar date," to proceed.

32. The Debtor would also state that if the allegations of the Plaintiff were deemed to be true, then the cause of action would be barred by the applicable statute of limitations on the action for fraud and/or the contract action.

33.  Furthermore, the Plaintiff, by his own assertions, only had contractual dealings with Performance Auto Crafters, Inc. and has made no allegation that would allow the Court to "pierce" the corporation to create individual liability for the Debtor.

WHEREFORE, the Debtor, Barney Allen Squiers, prays that the Adversary Complaint filed against him be dismissed and that he be awarded his costs and attorney's fees expended herein.

BARNEY ALLEN SQUIERS

By: /s/ Robert A. Canfield .
Counsel

Robert A. Canfield, #16901
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, VA 23230
☎ (804)673-6600
📠 (804)673-6604
*Counsel for Debtor/Defendant, Barney Allen Squiers*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was mailed, first class postage prepaid and/or electronically transmitted, on this 19th day of October, 2011, to the following necessary parties:

David K. Spiro
Franklin R. Cragle, III
Hirschler Fleischer
2100 East Cary Street
Post Office Box 500
Richmond, VA 23218-0500

Robert Easterling
2217 Princess Anne St., Ste. 100-2
Fredericksburg, VA 22401

/s/ Robert A. Canfield .
Robert A. Canfield